IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD L. MORAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12−cv−221−JPG |
| | ) |
| DR. FENOGLIO, ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendants. | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Taylorville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff presumably alleges that Dr. Fenoglio and the Illinois Department of Corrections were deliberately indifferent to his serious medical needs, but his Complaint fails to allege any allegations whatsoever against either party. Instead, Plaintiff simply attaches two grievances, some medical records, as well as a letter requesting counsel.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action. The Supreme Court has recognized that "deliberate indifference to a serious medical need" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a claim for deliberate indifference under §1983, the plaintiff must demonstrate that his medical condition was sufficiently serious and that prison officials acted with the culpable state of mind, namely, deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). Here, Plaintiff has failed to demonstrate either component, he has failed to state what condition he suffers

from or how Defendants were deliberately indifferent to that serious medical need. In fact, Plaintiff has failed to allege any claims whatsoever; he has left his statement of claim blank and has attached various exhibits including grievance forms and medical records. However, he has alleged no claim in his complaint. Thus, Plaintiff has failed to state a claim for deliberate indifference and the Court **DISMISSES without prejudice** his Complaint.

## DISPOSITION

For the foregoing reasons, this case is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to enter judgment against Plaintiff Moran and in favor of Defendant. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

DATED. August 13, 2012.

/s/ J. Phil Gilbert
J. PHIL GILBERT
United States District Judge